UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA K. WALKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1285-SEB-TAB |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

Plaintiff Pamela Walker appeals the Commissioner of Social Security's decision denying her disability benefits. This case was previously appealed to this Court and remanded because the Administrative Law Judge improperly dismissed treating physician Dr. Richard Hehner's diagnosis of Reflex Sympathetic Dystrophy. *Walker v. Astrue*, No. 1:07-CV-697-WTL-JMS (S.D. Ind. Sept. 29, 2008). "In ruling against Ms. Walker, the ALJ dismissed Dr. Hehner's RSD diagnosis, stating that 'his opinions and conclusions are not well supported by objective medical evidence and not consistent with other substantial evidence of record,' and that the record 'simply does not support that assessment.'" *Id.* at 5. The ALJ reasoned that Dr. Hehner did not "submit any treatment records in which he made findings indicative of RSD, nor did he provide a narrative explanation as to how he reached that diagnosis." *Id.*

The Court held that the ALJ was required to make further inquiry into Dr. Hehner's diagnosis. *Id.* "This could have been done 'by requesting copies of [the] medical source's records, a new report, or a more detailed report from [the] medical source, including [the] treating source, or by telephoning [the] medical source.'" *Id.* at 5–6 (citing 20 C.F.R. §

404.1512(e)(1)). "If the necessary information was not readily available, the ALJ could have proceeded to arrange for a consultative examination." *Id.* at 6. Accordingly, the Court remanded the case requiring the ALJ to recontact Dr. Hehner "for clarification of how he reached the conclusion that Ms. Walker suffers from RSD." *Id.*

> On remand, the ALJ stated that:
>
> remand is predicated upon the opinion of Hehner, M.D. The undersigned was ordered to seek additional records to substantiate his assessment the claimant was disabled by the condition of reflex sympathetic dystrophy. Indeed, such an attempt was made (Ex. 3E), however, no additional evidence was submitted. The reasonable inference from such an omission is that the request [sic] evidence in support of Dr. Hehner's assessment does not exist, and the undersigned so infers.

[A.R. at 483.] Plaintiff points out that Exhibit 3E is a computer printout from the Social Security Administration that states a "[b]lank ATR form was sent to the ATTY for the clmt to update required in order to request med recs." [A.R. at 573.] However, Plaintiff's former counsel submits an affidavit stating that she nor her office ever received such a request [Docket No. 14-1], and Plaintiff asserts that the ALJ's duty to seek additional evidence was not limited to a single document request to counsel. The Court agrees.

While the ALJ attempted to clarify the diagnosis with a document request that may or may not have been sent or received, this attempt by itself was insufficient. Rather than follow up with the request sent to Plaintiff's counsel, attempt to request documents directly from Dr. Hehner, or even summon Dr. Hehner to explain his diagnosis, the ALJ simply jumped to the conclusion that no supporting evidence existed. But as the Court suggested, merely requesting documents was not the only method of further inquiry. *See Walker v. Astrue*, No. 1:07-CV-697-WTL-JMS, at 5–6 (S.D. Ind. Sept. 29, 2008) (explaining that a reasonable inquiry could include "requesting copies of [the] medical source's records, a new report, or a more detailed report from

[the] medical source, including [the] treating source, or by telephoning [the] medical source."). The lack of effort to inquire by these other means amounts to an error. As set forth in the Court's September 29, 2008, order, such an error is not harmless.

Accordingly, the Magistrate Judge recommends that Plaintiff's brief in support of appeal [Docket No. 14] be granted and this case be remanded for further consideration. The ALJ should be required to take reasonable steps to clarify Dr. Hehner's diagnosis of RSD, including making a direct request to Dr. Hehner for additional records or a more detailed report.[1] In the event that neither can be obtained, the ALJ can always request that Dr. Hehner explain his reasons for rendering such a diagnosis.[2] Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

DATED:   07/09/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] The Magistrate Judge recognizes that such a direct request will require the Plaintiff to sign an appropriate medical release or authorization. Plaintiff should cooperate in signing any required release or authorization.

[2] With respect to Plaintiff's credibility argument, Plaintiff merely provides a general discussion of the law without identifying any specific flaws in the ALJ's credibility analysis or applying the law to the facts. In the Magistrate Judge's view, Plaintiff has waived this issue.

Copies to:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov