UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA K. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-1285-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISIONER ) | |
| OF SOCIAL SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff Pamela Walker's application for attorney's fees under the Equal Access to Justice Act. [Filing No. 27.] Walker seeks $4,577.88 in attorney's fees and costs for prevailing against the government in her Social Security appeal. [Filing No. 27] Under EAJA, the Court must award attorney's fees and costs to parties prevailing against the Commissioner unless the Court determines that the Commissioner's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not object to an award of attorney's fees. However, the Commissioner objects to paying EAJA fees directly to Walker's counsel, instead of Walker. [Filing No. 28, at ECF p. 1.]

To support the proposition that fees should be paid directly to Walker, the Commissioner relies on *Astrue v. Ratliff*, 560 U.S. 586 (2010). [Filing No. 28, at ECF p. 1-2.] In *Ratliff*, the Supreme Court held that EAJA fees belong to the prevailing party, which allows the government to collect outstanding debts as an offset. *Ratliff*, 560 U.S. at 592-93. However, Walker's counsel

1

can receive fees directly under EAJA if Walker owes no debt to the government and there is a valid assignment in the record. *Id.* at 597-98; *see also Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011) ("[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer."). If a valid assignment is present, the Court affords the Commissioner "a reasonable period of time after the fees have been awarded to the claimant to pay the fees directly to the claimant's attorney." *Orr v. Astrue*, No. 1:11-cv-01471-TWP-MJD, 2013 WL 1840471 (S.D. Ind. May 1, 2013). But, the Commissioner may indicate that she intends to exercise her right to offset any debts owed by Walker if "the Commissioner files a statement with the Court, along with supporting evidence, that the claimant owes an outstanding debt to the government as of the date of the award." *Id*; *Earls v. Colvin*, No. 1:11-cv-0435-TWP-TAB, 2013 WL 1869025 (S.D. Ind. May 3, 2013). Here, Walker has not produced a valid assignment. Therefore, the Court should assign the EAJA award to Walker, unless her counsel can produce a valid assignment agreement.

Thus, the Court should grant Walker's petition for EAJA fees. [Filing No. 27.] The Magistrate Judge recommends that the award be payable to Walker, subject to any outstanding federal debts. The Court should give Walker's counsel twenty-eight days following the adoption of this recommendation to file a valid assignment agreement with this Court. The Commissioner should be given sixty days following the adoption of this recommendation to file a statement with the Court, along with supporting evidence, that Walker owes an outstanding debt to the government as of the date of the award and that it will exercise its right to offset. Otherwise, the Magistrate Judge recommends that the Commissioner be ordered to submit a claim to pay $4,577.88 to Walker or, in the event that a valid assignment agreement is filed with the Court, to

Walker's counsel. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated: 8/6/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov